[824 NYS2d 826]

In the Matter of DANIELLE LENAHAN, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, September 22, 2006

14

**APPEARANCES OF COUNSEL**

*Vincent L. Scarsella, Acting Chief Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 12, 2000, and was formerly engaged in the practice of law with her father, J. Daniel Lenahan, in Buffalo. The Grievance Committee filed a petition charging respondent and her father with acts of misconduct arising from debt collection practices engaged in by or at the direction of their law firm. Respondent and her father filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, J. Daniel Lenahan submitted his resignation from the practice of law, and an order was entered striking his name from the roll of attorneys (*Matter of Lenahan*, 28 AD3d 1256 [2006]). The parties executed a stipulation amending the petition and the answer and resolving outstanding issues of fact with respect to respondent. The Referee submitted a report based upon the stipulation, which the Grievance Committee moves to confirm.

Respondent admitted that she was paid by debt collection agencies for the use of her law firm name and that, despite her knowledge that debt collectors employed by those agencies were engaging in illegal and abusive practices, she failed to exercise any meaningful involvement, control or supervision over their activities. We note that the conduct engaged in by these debt collectors included false, deceptive and misleading representations as to their status as attorneys, threats regarding legal action that was not contemplated or authorized and representations that failure to satisfy debts would result in arrest, imprisonment or seizure, garnishment, attachment or sale of debtors' property.

Respondent admitted further that: letters were sent to debtors over the signature of a fictitious person and on letterhead that failed to list an office address for her firm; she improperly held herself out as practicing law under a trade name; and she permitted nonlawyers to have signatory authority over an escrow account and permitted cash deposits to be made into the account.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 1-104 (d) (1) (22 NYCRR 1200.5 [d] [1])—ratifying conduct of a nonlawyer that would be a violation of the Disciplinary Rules if engaged in by a lawyer;

DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2])—failing to take reasonable remedial action at a time when the consequences of misconduct by a nonlawyer could have been avoided or mitigated, when she knew or should have known of the misconduct in the exercise of reasonable management or supervisory authority;

DR 2-101 (k), DR 2-102 (a) (22 NYCRR 1200.6 [k]; 1200.7 [a])—failing to include on her law firm letterhead an office address for the law firm;

DR 2-102 (b) (22 NYCRR 1200.7 [b])—practicing law under a trade name; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—allowing nonlawyers to be authorized signatories of a special account.

We have considered the matters submitted on behalf of respondent in mitigation. Respondent, however, has engaged in serious misconduct and demonstrated an absence of remorse when she appeared before this Court. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of two years and until further order of the Court.

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and SMITH, JJ., concur.

Order of suspension entered.